UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**RANESHA WHITTLE**                                                                                    **PLAINTIFF**

v.                                            **CIVIL ACTION NO. 3:15CV-263-TBR**

**ADRIANNE BRAGGS** *et al.*                                                        **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court on initial review of Plaintiff Ranesha Whittle's *pro se* amended complaint[1] (DN 5) pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will abstain from exercising jurisdiction over this matter.

**I.**

Plaintiff filed her amended complaint on a general complaint form. As the grounds for filing this case in federal court, Plaintiff states, "False diagnose For Mental retardation and False allegations of Neglect of my child Violation of due process and cps worker Stalking my home and constantly calling my phone without reason specified." As Defendants, she names the following: Adrianne Braggs, "my children paternal grandmother"; Amy Gardner and Terri Watkins with the Cabinet for Health and Family Services (CHFS); Judge Dolly Wiseman Berry; Attorneys Russell Ziano and Ellen Friedman; Emily Garrison, CPS (presumably, Child Protective Services) investigator; and Karen Eisenmenger, psychologist.

---

[1] Unrepresented by counsel, two Plaintiffs—Ranesha Whittle and Octavia Whittle—filed a *pro se* civil complaint. Both were listed as Plaintiffs in the caption and parties' section of the general complaint form, and both signed the complaint. However, on review of the allegations in the complaint, the Court was unable to discern which Plaintiff was making which allegations or why they were filing the complaint together. For this reason, among others, the Court ordered Plaintiffs to file an amended complaint clarifying their claims. Only Ranesha Whittle complied. Thus, by Order entered June 19, 2015 (DN 6), the Court dismissed Plaintiff Octavia Whittle from this action.

In the statement-of-claim portion of the complaint form, Plaintiff claims as follows:

> My right haven't been terminated yet, but they're Looking Forward to do so on Aug 11, 2015.[2]  Dolly Wiseman Berry is involved because she is the sitting Judge in this case, For which I've be denied my civil rights and constitution.  However I wasn't able to defend myself against the accusers.  Amy Gardner and Terri Watkins are ssw/cps worker who allegly stated False accusations, and I believe that Adrianne Braggs who called cps on me are Friends with Terri Watkins and Amy Gardner which is Conflict-of-interest.  my case had already been Jepardized Russell Ziano is the Father lawyer who presented False documents to help keep the Fathers rights although the Father never completed his court orders which is Adrianne Braggs son.  Emily Garrison is an investigator that allegly took the case when Adrianne called cps  I believe Adrianne has a vindetta with getting my kids.  She called cps on me three times with False accusations.  I have the cps reports.  Karen Eisenmenger is a state psychologist who presented a False evaluation.

Plaintiff requests the following injunctive relief:  Defendant Judge Berry "to be removed From my case as my Judge"; "cps workers to explain why they lied on my case and to explain why they're on my case"; Defendant Braggs "to pay For what she did"; Defendant Russell "to explain to me why he present False documents"; and Defendant Eisenmenger "to explain the False diagnose she presented."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review her amended complaint under 28 U.S.C. § 1915(e).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

---

[2] In the original complaint, Plaintiff stated that she wanted her "children to get to come home" and that "their trying to Terminate my parental Rights."  In the Court's May 7, 2015, Order directing Plaintiff to file an amended complaint, the Court ordered Plaintiff to advise whether there is an already terminated and/or a pending state court action pertaining to the facts alleged in the complaint.  This appears to be Plaintiff's response to the Court's inquiry.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Because Plaintiff alleges that several state employees denied and are denying her civil and constitutional rights, including her right to due process, in state-court, child-custody proceedings, the Court liberally construes the complaint as being brought pursuant to 42 U.S.C.

§ 1983. *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009) ("To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."); *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

Because Plaintiff is seeking injunctive relief asking this federal Court to interfere in pending state-court, child-custody proceedings, this action is barred by the *Younger* abstention doctrine.

"*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)). "Three factors determine whether a federal court should abstain from interfering in a state court action." *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008). Those factors are "(1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Id.*

According to Plaintiff, the state-court case is pending. Additionally, important state interests are implicated in adjudicating pending family-court matters. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (recognizing that "[f]amily relations are a traditional area of state concern"); *Meyers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) ("Indeed, cases out of the Supreme Court and this Court make it clear that abstention is

generally appropriate in matters of family relations such as child custody."). Finally, Plaintiff offers no argument that Kentucky appellate courts will not fully and fairly litigate her constitutional claims.

For these reasons, abstention is appropriate, and the Court will dismiss this action by separate Order. *See Shafizadeh v. Bowles*, 476 F. App'x 71, 73 (6th Cir. 2012) (citing *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) ("*Younger* abstention requires *dismissal* of the federal action.")); *Meyers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x at 206 ("Based on abstention, it was proper to dismiss the parents' claims for injunctive and declaratory relief.").

Date:

cc: Plaintiff Ranesha Whittle, *pro se*
4413.005